BROWN *vs.* CADY.

In a suit on a justice's judgment, where the docket did not show the issuing of a summons and a return of personal service in the cause in which judgment was rendered, declarations of the justice under oath, that from the entries in his docket he was confident that a summons had been issued, though he had no recollection of the fact; and that he had no doubt it was personally served, and that he would not have entered the judgment unless it had been so served, though he had no recollection that it had been returned personally served, were held not to be sufficient to show jurisdiction of the person of the defendant, so as to entitle the plaintiff to sustain an action on the judgment.

ERROR from the Oneida common pleas. A suit was commenced in a justice's court in 1831, by one Joseph Parke, junior, in the name of Ezekiel Cady, as plaintiff, against Humphrey Brown. The declaration was in *debt*, on a judgment in favor of the plaintiff against the defendant, for $17,35 damages, and $1,03 costs, rendered by William Lacey, a justice of the peace, on the 20th October, 1820. The defendant pleaded the general issue and statute of limitations, and gave notice of set off. The cause was tried and the justice rendered judgment for the plaintiff. The defendant *appealed* to the Oneida common pleas, where the cause was again tried. On the trial in the common pleas, William Lacey, the justice who rendered the judgment declared upon, was called as a witness for the plaintiff, and produced a copy of his docket of judgments in these words: "Ezekiel Cady *vs.* Humphrey Brown. Judgment entered for seventeen dollars and thirty-five cents, in favor of plaintiff, on oath of Joseph Parke, jr. October 20, 1820." Then followed a column of figures consisting of the following items: "19, 12, 42, 9, 18." The copy of the docket also contained the following entries: "Ex'n out Nov. 28. J. Parke. Cons. fee 42. Jud. 12½. Witness and oath 18." This witness also testified that in 1820 he was a justice of the peace, and rendered the judgment as stated in the copy of his docket, and as he *believed* upon the return of a *summons personally served;* that on diligent search he had not

been able to find the summons or other papers in the cause; that he had *no recollection* that a summons was issued, but from the entry in his docket he was *confident* that a summons was issued; that he had *no recollection* that the summons was returned *personally served*, but that he would not have entered the judgment unless the summons had been personally served, and that he had no doubt but that it was personally served; that he had no recollection of the subject matter of the suit, and did not remember upon what the judgment was founded; that he thought it probable the judgment was founded upon a *note;* that the entry in his docket convinced him that it was founded upon some *debt* which the defendant was alleged to owe, though at the same time he said that he could not *recollect* that the judgment was founded upon a debt. That he issued an execution on the judgment 28th November, 1820, and since then, until the commencement of this suit, his attention had not been called to the judgment rendered by him. Upon this evidence the counsel for the defendant moved for a *nonsuit*, insisting that it had not been shown that the justice who rendered the judgment declared upon, had *jurisdiction* either of the person of the defendant or of the subject matter of the suit. The court refused to nonsuit the plaintiff. The defendant then offered to prove *admissions* made by Cady, the party to the record, that the judgment was paid, which was resisted by proof that the judgment was assigned to Parke, and when similar admissions made by Parke were offered to be shown, it was proved that the judgment had been assigned by him to one Swords. The defendant offered to waive all objection to Parke being called by the plaintiff and examined as a witness, but the offer was not accepted. It was proved that Parke was a *constable* in 1820, and there was some evidence that he acted as the attorney or agent of Cady in the obtaining of the first judgment. Various questions of law arose upon the trial and were decided against the defendant, to all of which he excepted; but as the opinion of this court is confined to the mere question of *jurisdiction*, they are not here stated. The jury under the charge of the court found a verdict for the

plaintiff, upon which judgment was entered. The defendant having obtained a bill of exceptions to be sealed, sued out a writ of error.

*J. A. Spencer*, for plaintiff in error.

*W. C. Noyes*, for defendant in error.

*By the Court*, NELSON, Ch. J. Whether the numerous points decided by the court below can be sustained or not, it is not material to enquire into, except as to that arising upon the objection that *jurisdiction* of the *person* of the defendant was not shown in the justice who rendered the judgment declared upon. The fact that the justice had such jurisdiction was very material, and should have been established beyond all doubt. The proof lay with the plaintiff, and the means of producing it were in this case peculiarly within his power, as Parke was the constable who served the summons, if any service was made; and who subsequently became assignee of the judgment and instituted these proceedings. He might have been made a competent witness for the plaintiff, (having previously parted with his interest to Swords,) on the execution of a proper release. Indeed, the defendant offered to waive the objection.

I have not been able to discover the slightest legal evidence of the personal service of the summons; no memorandum in the docket, or knowledge or recollection of the fact by the justice. On the contrary, he stated explicitly that he had no remembrance either of the issuing of the summons or return of personal service. True, from the entries in his docket he is confident one was issued, and he believes he would not have rendered judgment unless there had been such a return. But this is obviously the merest conjecture; for there is nothing on the face of the docket save an item of constable's fees there charged, but for what, does not appear, from which to warrant the presumption relied on.

If, on an inspection of his docket, the magistrate had testified that his recollection of the proceedings had so far recurred to him that he could state the facts which he has put forth only by conjecture, the proof would have been

NEW-YORK,     satisfactory.  But all recollection is positively denied; and
May, 1838.    the naked *memorandum*, which of itself, in the manner here
~~~~~~~~       made, amounts to nothing in the way of evidence of the
Thomas        fact, together with the belief that he could not have thus
v.            erred, constitute the only grounds upon which he ventures
The People.   to rest in testifying upon the point.  This is not evidence in
any case, especially, not of facts so essential to the jurisdic-
tion of the justice, and the reasonable protection of the rights
of the defendant.  How could the magistrate know that the
*forty-two cents fees of constable* were for service of the
summons, when he could not state that any summons *had
been issued?*  Much less could it lay any reasonable
foundation from which to infer a return of *personal service ;
that* rests solely upon the belief. of the justice that he could
not have committed the error involved in the objection.  The
judgment must be reversed, and a *venire de novo* must be
issued ; costs to abide the event.

                                        Judgment reversed.