By the Court,

Nelson, Ch. J.
It was objected at the trial, that the entry of the judgment in the justice’s docket did not show that jurisdiction had been acquired over the person of the defendant. The return of the summons does not show when it was served, and it is insisted that this omission is fatal to the validity of the judgment, inasmuch as it is impossible to see that it was served • “ at least six days before the time of appearance mentioned therein.” (2 R. S. 160, § 15, 2d ed.)
The statute requires that the time and manner of serving a summons shall be mentioned in the return; {id. § 16;) and there can be no doubt that, where the former is omitted and the justice renders judgment, the error will be fatal on certiorari. (Stewart v. Smith, 17 Wend. 517.) But the question here is, whether it is a jurisdictional defect that may be taken advantage of collaterally. I think the contrary was in effect held in Hoose v. Sherrill, (16 Wend. 36.) That was an action for false imprisonment, to which the defendants pleaded an arrest by virtue of an execution issued upon a justice’s judgment. One objection taken upon demurrer to the plea was, that it was defective in not stating the time of issuing the summons on the return of which a judgment by default had been rendered, so that the court might' see it was in due form. The statute requires that it shall be issued not less than six nor more than twelve days before the return. (2 R. S. 160, § 14, 2d ed.) We held, that the defect went only to the regularity of the process, and not to the jurisdiction of the court; that it was an error which would justify a reversal *519 of the judgment, but did not render the process a nullity. The same answer may be given to the objection here, as the error is kindred to that in Hoose v. Sherrill.
In Legg v. Stillman, (2 Cowen, 418,) the court refused to reverse a judgment on certiorari, where the return of the summons by the officer was—“ Personally served, May 14th, 1822,” —though the statute required that he should return the manner of service, and prescribed that the latter should be by reading the summons to the defendant, and delivering a copy if required. In Brown v. Cady, (19 Wendell, 477,) which was a good deal discussed, and the main question in which was, whether the summons had been returned personally served so as to give jurisdiction to the justice, the particular point now made does not seem to have been thought of. It appears to me upon general principles, that where the service is personal, if there be any irregularity in the form of the process, or in the time or mode of service, the party should appear and take the objection; or otherwise, so far at least as jurisdiction is concerned, it should be regarded as waived. No greater hardship upon suitors and no more danger to their rights is created by this rule, than in the numerous cases of error in the administration of justice which are overlooked unless specially objected to. We are already much more strict and technical than the English courts respecting the question of notice or service of process, in reviewing the proceedings of subordinate tribunals, as may be seen by the cases referred to by Mr. Justice Cowen in Hart v. Seixas, (21 Wendell, 47, 48.) I do not say improperly so, but it affords a reason, perhaps, for not unnecessarily extending the doctrine. I think a new trial should be granted, costs to abide the event.
New trial granted.