## ROSENFIELD *vs.* HOWARD.

Where a plaintiff, applying to a justice of the peace, under the 34th section of the non-imprisonment act, (*Laws of* 1831, *p.* 396,) for an attachment against the defendant, presented an affidavit in which he alleged that the defendant was about to dispose of his property with intent to defraud his creditors, and assigned the existence of the following facts as evidence of that intent, viz. that the defendant left the county two months before, and went to Canada with intent to remain there, taking with him a portion of his goods; that he had no family and but little property; that he was offering his property for sale; that he had told the plaintiff that he would be glad if he ever got his pay of him; that no civil process could be served on him, because he kept out of the state; and that he refused to pay any thing on the plaintiff's debt; *Held* that these facts proved a strong case of *intent* to dispose of property to defraud creditors. That at least there was some evidence for the justice to act upon, in issuing an attachment; and that his proceedings would not be reversed for insufficiency of proof in that respect.

A return to an attachment issued by a justice under the non-imprisonment act, in which the constable states that he has seized the goods and chattels mentioned in the inventory annexed, and that *the defendant not being found in the county,* he left a copy of the attachment, &c. duly certified by him, with B. in whose possession the goods were found, "the defendant having no place of residence in the county of C." is sufficient, although it does not state specifically whether the copy of the attachment was, or was not, personally served on the defendant, as required by section 36 of that act.

Such a return will be understood as alleging that no personal service has been made; and will authorize the issuing of a summons against the defendant, by the justice, under the 38th section of the non-imprisonment act.

The fact that an affidavit upon which an attachment is issued by a justice, un-

Rosenfield *v.* Howard.

der the non-imprisonment act, contains facts which would have warranted an attachment under the revised statutes, is not a ground of error; provided the process actually issued is warranted by the affidavit.

This was an appeal by the plaintiff, from a judgment of the Chemung county court. The opinion which follows, sets forth all the material facts.

*By the Court,* Shankland, J. The plaintiff proceeded by attachment and summons against the defendant, to collect a note. He obtained a judgment before the justice, which was reversed by the county court of Chemung. No reason is assigned by the judge for reversal; but it is presumable it was for some of the reasons contained in the respondent's points. It is said that the attachment being succeeded by a summons, indicates that the party proceeded under the provisions of the non-imprisonment law and not under those of the revised statutes; and that the affidavit does not state facts sufficient to warrant the issuing of an attachment.

The 34th section of the non-imprisonment act (*Laws of* 1831, *p.* 396) allows an attachment to issue, when it shall satisfactorily appear to the justice that the defendant is about to remove from the county any of his property with the intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of, or secrete any of his property with the like intent, whether the defendant be a resident of this state or not." The affidavit specifies several causes for issuing the attachment; amongst which is the cause, that the defendant is about to dispose of his property with intent to defraud his creditors. The affidavit then assigns the existence of the following facts as evidence of that intent: that the defendant left the county of Chemung two months before, and went to the province of Upper Canada with intent to remain there, and had taken with him some portion of his personal property; that he had no family, and but little property; that he was offering his property in Chemung county for sale; and that he told the plaintiff that he would be damned glad if he ever got his pay of him; that no civil process could be served on him because he kept out

---

---

of the state, and he refused to pay any thing on the plaintiff's debt.

To my mind, the above facts prove a strong case of *intent* to dispose of property to defraud creditors. At all events, there was some evidence for the justice to act on, and the proceedings ought not to be reversed for insufficiency of proof, in this respect. If the defendant was a non-resident of the state, and did the acts specified in section 34, he could be proceeded against by a long attachment. But in this case, it is quite certain the defendant had not yet gained a residence, out of the county of Chemung.

But it is said the return of the officer to the attachment was not sufficient, because it did not state specifically whether the copy of the attachment was, or was not, personally served on the defendant, as required by section 36. The return is, " By virtue of this attachment, I seized the goods and chattels mentioned in the annexed inventory, *and the defendant not being found in the county,* on the same day I left a copy of the attachment and inventory duly certified by me with Wm. E. Baker, in whose possession the goods were found, the said defendant having no place of residence in the county of Chemung. July 26, 1852."

The 36th section requires a *personal* service on the defendant, *if he can be found in the county,* instead of leaving the copy at his last place of residence. Now the return says, " the defendant cannot be found in the county, and he has no place of residence in the county, and I left the copy on the person in whose possession the goods attached were found." The officer asserts the fact that the defendant cannot be found in the county, and the law would adjudge a service out of the county to be void. The result is, that a personal service, in this case, was an utter impossibility. It is as legally certain that the process was not personally served, as if the return had said so *specifically.* It seems to me the legislature did not attach any technical charm to the word *specifically.* This object was, to enable the justice to learn from the return itself, whether or no the attachment and inventory had been personally served, so as to govern the future proceedings in the cause, and the effect to be given to

Rosenfield *v.* Howard.

the judgment. If it was a case of personal service, then no summons need be issued, and the judgment would be conclusive, in all future proceedings. (§§ 37, 39.) But if served by copy, then a summons must issue; and if that was not personally served, then the judgment would be presumptive evidence, only, of an indebtedness, and might be repelled. (§§ 38, 39.)

The return in this case is sufficiently clear, that no personal service had been made. The justice so treated it, and issued a summons as required by § 38, which was regularly returned. The defendant is in no danger of being concluded by this judgment, in any future litigation as to its effect. It seems to me, therefore, that all his rights are protected; and that no legal rule of construction, or just administration of the law, calls for a reversal of the proceedings, for the sole reason that the constable omitted to say in his return, " I did not serve the copy personally," when he at the same time tells us so, by showing it impossible that he could have done it.

That the affidavit contains facts which would have warranted an attachment, under the revised statutes, is not a ground of error, provided the process actually issued is warranted by the affidavit.

We have come to the conclusion that there is no error in the justice's judgment, and that it should have been affirmed. The judgment of the county court is reversed and that of the justice affirmed with costs.

[OTSEGO GENERAL TERM, July 12, 1853. *Crippen, Shankland* and *Gray,* Justices.]