## HAMPSHIRE COUNTY.

### GEORGE W. HENDRICK *vs.* DWIGHT WHITTEMORE.

A party to a j.dgment of a court of competent common law jurisdiction can impeach it for defect of process, or want or insufficiency of service, only by proceedings instituted directly for the purpose.

At the trial of an action for contribution, brought by one against the other of two sureties on a bail bond, the full payment of which was enforced against the plaintiff, there was evidence tending to show that the plaintiff and the principal in the bond went together to the defendant and requested him to sign it. The defendant thereupon asked for a ruling that he was not liable if the plaintiff's request was coupled with the request of the principal. This the judge refused, but instructed the jury that the plaintiff could not recover if the defendant signed the bond at his request ^r by his inducement, but *that if the de-

fendant signed it at the request of the principal, though the request of the plaintiff was coupled with it, that would not be a defence. *Held*, that the defendant had no ground of exception.

In an action for contribution, brought by one against the other of two sureties on a bail bond, the full payment of which was enforced against the plaintiff, there was evidence tending to show that the plaintiff and the principal in the bond went together to the defendant and requested him to sign it; and the defendant contended that he signed it at the plaintiff's request or by his inducement. The defendant, testifying as a witness, was asked by his counsel, why he signed the bond, at whose request did he sign it, and who induced him to sign it. These questions the judge excluded, on the plaintiff's objection; but permitted the defendant to state fully all the conversation and what took place between himself and the plaintiff relative to his signing the bond, and also between himself and the principal in the bond as to the same. *Held*, that the defendant had no ground of exception.

In an action by one against the other of two sureties on a bail bond, for contribution towards his payment of an execution recovered against both of them in a *scire facias* on the bond, the defendant, if liable at all, is liable for his proportion of the officer's fees for the levy of the execution.

CONTRACT to recover one half of the amount paid by the plaintiff in full satisfaction of an execution issued against him and the defendant by Aperry Peck, a justice of the peace for Hampshire, November 10, 1868, upon a judgment recovered by the firm of Moore & Martin against them, on their default, before said justice, on a writ of *scire facias* upon a bail bond in which they were sureties for John Quirk. In the amount paid by the plaintiff, and thus sued for, were included costs in the *scire facias ;* and a copy of the bail bond was annexed to the declaration.

At the trial in the superior court, before *Dewey, J.*, the plaintiff put in evidence the justice's record of the proceedings in both actions, namely, the action of Moore & Martin against Quirk in which the bail bond was taken, and the *scire facias.* The defendant requested the judge to rule that there was a material variance between the copy of the bail bond annexed to the declaration, and the bond as set forth in the record; but he refused so to rule. The particulars of the variance are now immaterial. The defendant also requested, and the judge refused, rulings that the bond was invalid for defects in form.

The defendant further asked for a ruling that the writ of *scire facias* was defective, in that it directed the officer to summon the two defendants therein to appear before the justice of the peace " on Monday, October fifth, A. D. 1868, then and there to show

cause," &c., without specifying at what hour of that day they should appear; and consequently, that the judgment rendered upon their default was not binding on them, and the plaintiff, if he paid it, could not hold the defendant to contribution. This ruling also was refused.

" There was evidence tending to show that when the bond in question was executed there was also a bail bond executed for the appearance of Quirk in the superior court; the defendant testifying that he recollected signing such a bond and had no recollection of signing the one in question, but that he admitted the genuineness of his signature to the one in question. The defendant asked the judge to rule that if the defendant signed a paper supposing and having reason to suppose that it was a bond for the appearance of Quirk in the superior court and not for Quirk's appearance before Aperry Peck, and did not suppose and had no reason to suppose that he was signing more than one bond, or any bond for the appearance of Quirk before Aperry Peck, then he was not liable upon any bond to which his name might be attached for the appearance of Quirk before Aperry Peck; that if the plaintiff requested the defendant to sign this bail bond, or any bail bond in signing which he might have unknowingly signed this bond, and did both acts after having been requested to sign by the plaintiff, then the plaintiff could not recover; and that, if the plaintiff requested the defendant to sign a bail bond and the defendant did sign it, then the plaintiff could not recover. There was evidence tending to show that both Quirk and the plaintiff went together to the defendant, and both requested him to sign the bond; and the defendant asked the judge to rule that if the request of the surety was coupled with the request of the principal then the defendant would not be liable."

The judge refused to give the various instructions thus requested by the defendant, "but, among other matters, instructed the jury that, the plaintiff having introduced evidence of a judgment against himself and the defendant jointly, there arose the presumption of a joint liability for the same; and as a general rule, where there has been a judgment against two sureties and one of them has paid the whole amount, he has a right of contri

bution against the other; that this rule is subject to certain quali-fications, one of which the defendant claimed to be applicable to the present case, that is, if the surety who paid the judgment by his request procured the execution of the bond by the other surety, then he could not thereafter enforce a contribution from his cosurety; and that, in the present case, if the jury were satis-fied that the defendant signed the bond as surety, at the request of or being induced thereto by the plaintiff, then the plaintiff could not recover, but if he signed at the request of the principal, though the request of the plaintiff was coupled with it, that would not be a defence in this action."

The defendant's counsel, while the defendant was under ex-amination as a witness, proposed to him the following questions : Why did you sign this bail bond? At whose request did you sign the bond? Who induced you to sign the bail bond? All of these were objected to by the plaintiff, and excluded by the judge; but the defendant was permitted to state, and did state fully, " all the conversation and what took place between himself and the plain-tiff relative to his signing said bail bond, and also between him-self and Quirk as to the same."

As to the amount of damages, the judge instructed the jury that " if they found that the plaintiff was entitled to recover they should find for him for one half of the amount paid by him as damages and costs of suit on the judgment against him and the defendant, but not for any portion of the officer's fees on the execution against them."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*D. W Bond*, for the defendant.

*W. G. Bassett*, for the plaintiff.

WELLS, J. This verdict rests upon the judgment rendered on *scire facias* against the plaintiff and defendant jointly. The ob-jection made to that judgment is, that the writ named no hour, on the day of return, at which the defendants were required to appear.

The forms of writs, returnable before a justice of the peace given by the St. of 1784, *c.* 28, make them returnable at a fixed

hour. It was held in *Blanchard* v. *Walker*, 4 Cush. 455, that such a writ could not properly be entered after the hour had elapsed ; and if so entered, that the defendant might refuse to appear, or might appear for the purpose merely of moving to dismiss the action. Objection having been properly taken before the justice, and renewed, on appeal, in the court above, it was held to defeat the action.

Assuming that the same rule applies to writs of *scire facias*, and that the proceedings in this case might have been defeated by an objection taken in the case, or upon writ of error, the question still remains, whether the validity of that judgment can be impeached collaterally, when offered in evidence against either of the defendants therein. The general principle is, that a domestic judgment of a court of common law jurisdiction, to which a writ of error will lie, is valid, as between the parties, until reversed ; notwithstanding a failure to obtain, by proper process, jurisdiction of the person of the party against whom it is rendered. *Cook* v. *Darling*, 18 Pick. 393. *Finneran* v. *Leonard*, 7 Allen, 54.

A distinction is sometimes made between courts of general jurisdiction, and courts of an inferior and limited or special jurisdiction. In the former, the power of the court to render the judgment will be presumed until the contrary is shown ; in the latter, the judgment must appear to be within the jurisdiction of the court. But the decree of a court of general jurisdiction is invalid, if it be shown that it had no authority over the cause in which it assumed to act. It is then not a judicial proceeding. *Folger* v. *Columbian Insurance Co.* 99 Mass. 267. In matters over which the jurisdiction of the court appears to extend, there can be no difference, in this respect, between the inferior and the superior court ; between a court of limited and a court of general jurisdiction.

When the cause is within the jurisdiction of the court, but the proceedings are based upon a defective writ, or are prosecuted without service of process or notice upon the party to be affected, the objection is no more fatal to the jurisdiction and power of an inferior court than it is to one of general jurisdiction. In such cases a judgment in another state, even of a court of general juris-

liction, may be impeached by plea and proof, upon the ground of a want of jurisdiction of the person, in the court rendering the judgment. *Carleton* v. *Bickford*, 13 Gray, 591. Domestic judgments, however, cannot be thus impeached collaterally, by the parties thereto; not because of an apparent authority in the court to render the judgment, but because the remedy by review or writ of error is held to be more appropriate. This consideration, and not the rank of the court as inferior or superior, is the ground of distinction between erroneous proceedings which are to be treated as void, and those which are voidable only. *Smith* v. *Rice*, 11 Mass. 507. *Chase* v. *Hathaway*, 14 Mass. 222, 227. *Peters* v. *Peters*, 8 Cush. 529, 543. *Harvey* v. *Tyler*, 2 Wallace, 328, 342. *Christmas* v. *Russell*, 5 Wallace, 290, 304.

A justice of the peace exercises his jurisdiction mainly according to the course of the common law; his court is, for many purposes, a court of record, to which a writ of error will lie. *Martin* v. *Commonwealth*, 1 Mass. 347, 389. *Thayer* v. *Commonwealth*, 12 Met. 9. *Valier* v. *Hart*, 11 Mass. 300. *Arnold* v. *Tourtellot*, 13 Pick. 172. *Gay* v. *Richardson*, 18 Pick. 417. In our view, the rule which makes the judgment of a court of record binding upon the parties, until reversed by proper proceedings therefor, although jurisdiction of the person was not properly obtained, is applicable as well to a judgment of a justice of the peace as to one of a court of general jurisdiction. It was so applied in *Hawes* v. *Hathaway*, 14 Mass. 233; and that decision is cited with approval in *Crockett* v. *Drew*, 5 Gray, 399. A contrary decision, however, is found in *Rossiter* v. *Peck*, 3 Gray, 538. This decision was manifestly made without much consideration. The case of *Hawes* v. *Hathaway* was not referred to; and the decision seems to have been based upon *Piper* v. *Pearson*, 2 Gray, 120, 124. But in *Piper* v. *Pearson* the justice assumed to exercise a judicial power, when, in fact, he was clothed with no judicial authority in the premises. The whole proceeding was *coram non judice*; and he was a mere trespasser. There is a broad distinction between that case and one where the magistrate possesses the requisite judicial authority, but, in the exercise of that authority, fails to secure, by proper proceedings, jurisdiction of the person

of the defendant. The case of *Brown* v. *Cady*, 19 Wend. 477 also cited by the court in *Rossiter* v. *Peck*, does support that de‑ cision ; and is in direct conflict with *Hawes* v. *Hathaway*. But the only question discussed in *Brown* v. *Cady* was the sufficiency of the proof that there was service of process upon the defendant, in the original suit ; and it is to that point that the case seems to have been cited. The judgment of a justice of the peace was held to be invalid, without showing such service ; and insufficient to support an action of debt or contract for the amount due upon it. But the propriety of impeaching such a judgment, without proceeding to reverse it directly by writ of error, does not appear to have received the consideration of the court.

Many considerations favor the rule that judgments of a court of competent jurisdiction which are erroneous by reason of defect of process, or insufficiency or want, of service, can be impeached by parties thereto only by proceedings instituted directly for that purpose. The plaintiff is concluded by such judgment. His de‑ mand is merged in it. He cannot treat it as a nullity, and pro‑ ceed again upon his original demand as if no such judgment had been rendered. He can only proceed by levy of execution, or by suit upon his judgment. If the defendant may defeat any pro‑ ceeding in either mode, the plaintiff is left remediless ; unless he too may regard the judgment, which he has obtained, as abso‑ lutely void. But there can be no reason for holding, or permit ting the plaintiff to consider, a judgment obtained by him in ɪ justice's court to be absolutely void, which does not equally apply to a like judgment in any other court.

Writs not in exact conformity to the statute forms, but defect‑ ive, like the present one, in not stating, with accuracy and pre‑ cision, the time or place for the defendant's appearance, may be amended, if, by intendment of law, the effect is not changed, and the defendant is not misled thereby. *Parkman* v. *Crosby*, 16 Pick. 297. *McIniffe* v. *Wheelock*, 1 Gray, 600. Or if, by a cor‑ rect summons, the defendant is informed of the true time and place for his appearance. *Kimball* v. *Wilkins*, 2 Cush. 555. Such writs, therefore, though voidable, are not necessarily void. *Smith* v. *Saxton* 6 Pick. 483. The writ is merely the process

by which the court gains jurisdiction of the person of the defendant. The effect of an insufficient writ, upon the subsequent proceedings, cannot be essentially different from the effect of an improper service or a failure of service upon the defendant. Defects of that character often furnish the cause for reversal, by writ of error, of judgments rendered by justices of the peace, as well as in superior courts. And we are satisfied that, for errors in the mode only of exercising a judicial authority vested in a justice of the peace, the writ of error is the appropriate remedy by which to set aside the judgment; and that until so set aside the parties are concluded by it. If the defendant would avoid the effect of the judgment, he must do so by procuring the judgment itself to be vacated. *Emery* v. *Nelson,* 9 S. & R. 12. *Tarbox* v. *Hays,* 6 Watts, 398.

Another consideration bears upon the rights of the parties in this case, and we think also upon the question we have been considering. The payment, for which he seeks to recover contribution, was made by the plaintiff upon an execution against himself and the defendant jointly. That execution issued from a court of competent jurisdiction to adjudge the cause of action. It was regular in form, and disclosed no want of authority in the magistrate who issued it. It was a perfect protection to the officer in collecting the amount due upon it, by levy upon the persons or property of the defendants. *Chase* v. *Ingalls,* 97 Mass. 524. The plaintiff has been compelled to satisfy an execution, upon which the defendant was equally liable with himself, and which neither of them could resist. No case could better illustrate the unfairness and impropriety of allowing a party to a judgment, while permitting it to remain unreversed, to escape from its effect by throwing upon another party to the same judgment the burden of proving the regularity of all the proceedings upon which it was founded.

In the absence of evidence of collusion, we think the payment, by the plaintiff, on execution, of the amount of such a judgment, entitles him to contribution from the other joint defendant therein; and that this defendant is concluded by the judgment as to all facts at issue, or necessarily involved in the rendition of such judgment.

It follows, that the questions as to the execution and validity of the bail bond are not open in this suit. The question of variance, and that of the identity of the bond, are immaterial. The recovery in this action is for the amount paid on the judgment, not upon any bond.

The defendant was liable for the costs of *scire facias* equally with the plaintiff, if liable at all.

Upon the question relating to the effect of the defendant's signing the bail bond at the request of the plaintiff, the instructions were sufficiently favorable to the defendant. The defendant was allowed to state all that passed between him and the plaintiff, and between himself and the principal, in relation to the execution of the bond. We do not see that the questions put and excluded could have elicited anything further that would have been competent.          *Exceptions overruled.*