ISAAC T. BEECH vs. MOSES S. ABBOTT.

A judgment rendered in an action, where service is made by attaching the property of the defendant within the state, and no actual notice given to him, is not a void judgment; the property gives jurisdiction to the court.

In an action of debt on judgment rendered by a justice of the peace, where no notice is given previous to rendering the judgment, the defendant may examine the merits of the judgment.

*Quere*—Whether a judgment rendered in an action, where the attachment was nominal or fraudulent, would be considered as valid.

Where an officer has attached property, he does not lose his right thereto, when the possession is taken from him, by an inspector of the revenue, without authority.

The declaration of the attaching officer, that he had relinquished his claim to an inspector of the revenue, or to the United States, is not an abandonment of the property to the debtor named in the attachment, if the inspector or the United States do not procure the same to be libelled and condemned.

This was an action of debt on judgment recovered before a justice of the peace, June 18, 1829.    Plea, *nil debit.*

The plaintiff offered the copy of the record of the judgment. The defendant objected, but the same was admitted by the court, to which decision the defendant excepted.

It appearing by said copy, that the judgment was recovered in an action of trover for a pair of stag oxen, without personal notice, the defendant then residing in Canada—the defendant was permitted to go into the merits of said judgment.    It also appeared by the copy, that there was no recognizance entered in case of review, nor had any execution been issued.

The defendant introduced evidence tending to show, that the oxen, in the fall of 1828, belonged to Isaiah Abbott, in Canaan, Vt., who put them on a farm, by him owned, in Hereford, Lower Canada, upon which the defendant went to reside in the latter part of the winter or spring of 1829; and

Essex,
March,
1834.

Beech
vs.
Abbott.

while there, the defendant, on the 4th day of April, 1829, bought the same of said Josiah; and that afterwards, the defendant being with said stags in Canaan, the plaintiff, as deputy sheriff, attached them as aforesaid, as the property of said Josiah; that after the same were so attached by the plaintiff, on a writ in favor of James Heath, in the month of May, 1829, Seth Cushman, an officer of the customs, seized said stags as forfeit to the United States, for having been imported into the United States without duties being paid thereon, and took them out of the plaintiff's possession, and while the same were being driven by said Cushman's servants to a place of keeping, the same were taken by the defendant and driven into Canaan and converted to the defendant's use ;—and testimony further tending to prove, that after the taking of said stags by the defendant, the plaintiff, on several occasions, had said, that said Cushman had seized said stags as forfeit to the United States, and that he, the plaintiff, had relinquished all his claim on said stags to said Cushman.

The plaintiff gave in evidence a copy of the record of the judgment rendered by the county court on the said attachment, in favor of said Heath aforesaid; and also evidence tending to show, that no such sale had ever been made of said stags by the said Josiah to the defendant, and that, if such sale was made, the same was made to defraud the creditors of the said Josiah; and further proved, that said stags had never been libelled.

The defendant requested the court to charge the jury, if they believed the stags were taken by the defendant from the servants of Cushman, after he had seized the same as forfeit to the United States, the plaintiff was not entitled to recover; that if they believed that the plaintiff had said he relinquished his claim to said Cushman, the plaintiff was not entitled to recover.

The court refused so to charge the jury; but did charge them that, notwithstanding the defendant took the stags from Cushman, yet if they found the same had never been libelled or condemned, the plaintiff might recover; that an attaching officer might abandon his claim to property, by so informing the owner, or delivering up the property to him; but, as the plaintiff, in the present case, had not so done, the statements by him proved to have been made, under the circumstances in which they were made, were not an abandonment of his claim, and would not prevent his recovery, if the jury believed from

Essex,
March,
1834.

Beech
vs.
Abbott.

the testimony that said stags were the property of said Josiah Abbott when attached by the plaintiff, or believed that the said sale to the defendant was made and had to defraud the creditors of said Josiah.

To which decision of the court, admitting said copy of the justice's record, and refusing to charge the jury as requested by the defendant, and charging as above stated, the defendant excepted. Exceptions allowed and certified.

*W. Mattocks for the exceptions.*—The defendant contends the judgment declared on is void, because there was no recognizance for review. The 18th section of the justice act, p. 129, directs, that no execution shall issue, until a recognizance is entered. If so issued, the courts should declare it void, because contravening one of the first principles of justice, that no man shall be *tried without notice, condemned unheard*.

If this is correct, a suit on the judgment before the recognizance entered, is an evasion of the provision, calculated to defraud, in collecting money without notice. It may be true, that the recognizance is, *technically*, no part of the judgment, but it is a prerequisite to give it validity, and to justify enforcing it. This suit is in nature of a motion to obtain execution in a case in which it could not have legally issued, if the year had not expired. That a judgment without notice is void.—See 3 Wilson, 297.—9 East. 192.—15 John. R. 14.

A judgment rendered in one state against a citizen of another, without personal notice, when sued in a state other than the state where rendered, is void.—*Loomis* vs. *Starkweather*, 2 Vt. Rep. 573.—*Bissell* vs. *Briggs*, 9 Mass. Rep. 468.— *Woodward* vs. *Freeman*, 6 Pick. 354.—*Hall and al.* vs. *Williams and al.*, 6 Pick. 240.—*Kilburn* vs. *Woodworth*, 5 John. Rep. 37.—*Robinson* vs. *Ward*, 8 John. Rep. 86—*Fenton* vs. *Garlick*, 8 John. Rep. 194. These decisions are founded on this great principle, that a court or state cannot hold jurisdiction over a citizen of another state, without personal notice. In *Bissell* vs. *Briggs* and *Kilburn* vs. *Woodworth*, it is decided, that even attaching defendant's goods, *without personal notice*, only operates in *rem*, not in *personam*. In *Fenton* vs. *Garlick* and *Judd* vs. *Stevens*, there was actual personal notice by copy delivered, out of the state, and yet it was treated as nothing and judgment declared void. So would have been a copy delivered Abbott in Canada.

OF THE STATE OF VERMONT.

589

Essex,
March,
1834.

Beech
vs.
Abbott.

2. The plaintiff has abandoned his lien. As plaintiff's right was but a lien, it might be abandoned without consideration paid; and if the return on the execution, and the declarations made, were understandingly made, we contend it was enough for our purpose, and that the court are not bound, in this case, to regard the creditor, who has his proper remedy.

3. At the time of the conversion, Beech was not entitled to recover, the right of action, if any, being in Cushman, as officer of the customs. To maintain trover, plaintiff must, at the time of conversion, have the actual possession, or right of immediate possession.—1 Chitty, 47, 48, 150, 166-7.—2 Sel. 12, 71.—*Gordon* vs. *Harper*, 7 T. R. 9–13. The case shews that the plaintiff had *not*, but Cushman had, the *actual* possession. The only question is, whether Beech had the right of immediate possession. It seems clear, from the facts, that Cushman then had this right, claiming adverse. It cannot be doubted, that Cushman's right to seize was paramount to that of Beech. So decided in *Dennie* vs. *Harris*, 9 Pick. 364.

It is said Beech can recover, because Cushman never libelled the stags. Beech's right of action *at the time* cannot depend on the *after* act or omission of Cushman. The stags were first in custody of the law of the *state*, by the attachment. They were then in the custody of the paramount law of the United States, by the *seizure*, both alike *mesne processes*.

If seizure was well founded, then it is well settled, that the moment the stags were driven over the line, they were forfeited to the United States, and all private title and ownership gone. In a suit by Cushman for this property, it would not be competent for Abbott to object that they were not libelled, when his own unlawful act prevented it.

*Steele & Cushman*, contra.—1. The declaration being in common form, declaring on debt of record, and *nil debit* being pleaded, it is too late to insist that the record is not *prima facie* evidence of a debt; for though the judgment be erroneous, yet debt lies until the judgment has been reversed.— 1 Chit. 107.

2. The judgment is not void nor voidable, because no recognizance has been entered into before issuing execution. 1st, an execution, valid upon its face, must protect the officer, and it would not if the judgment is void, but will, if voidable. 2d. There has no execution issued in this case, and the recog-

nizance never affects the judgment being entered, after the judgment is perfected.

3. The action of trover is proper in this case, if plaintiff had a right to the possession of the property, it was not necessary that it should have been taken from his possession. The property was in the custody of the law, and whether for one purpose or another, in the hands of one officer or another, is immaterial in this case; for, by its not having been libelled, the government lost all lien; and it remained for the benefit of the individual, having the right of possession, to make the legal application.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The positions which the defendant has taken, in this case, are, first, that the judgment, on which the suit was brought, which was rendered, June 18th, 1829, in an action of trover, is void. Second, that if the judgment is not void, yet as he is permitted, by statute, to inquire into the merits of that judgment, and give in evidence any matter or thing, which would have discharged him on the original cause of action, he contends that the right of possession in the two stag-oxen, for converting which, judgment, in the original action, was rendered, was in Mr. Cushman, the inspector of the revenue, or in the United States, and for that reason, the original action of trover, could not be maintained. Third, that the lien of the plaintiff, or whatever right he had to the stags, was abandoned. The first question brings in question, directly, the validity of the whole proceedings, on which the judgment was rendered, and the two last are only inquiries into the merits of that judgment, and present the defence which the defendant might have made in the suit in which the judgment was rendered. It is contended that the judgment is void, because there was no notice, and also, because there was no recognizance entered into, agreeable to the eighteenth section of the justice act, to refund and pay back what might be recovered in a writ of review. Upon this last point, it is sufficient to observe, that the recognizance which is required, is to be entered into after the judgment, and before the issuing of the execution. It is of course supposed, that the judgment is perfected and regular before the recognizance is entered into. It is not possible, therefore, to say that the want of the recognizance, which is to be after a judgment, shall have the effect to vacate

Essex,
*March,*
1834.

Booch
*vs.*
Abbott.

the judgment which has been rendered.   Moreover, the recognizance is only necessary when the execution issues.   If no execution is taken out, but the judgment issues, the statute of 1817, has made ample provision for the defendant, in the original action, even in the remote and improbable contingences supposed in the argument.   It is immaterial how many actions may have been brought, or how many judgments may have been rendered in succession, on the first judgment.

Without actual notice, none of them are effectual, to conclude the defendant or preclude him from going into an examination of the merits of the first judgment rendered.   Upon the subject of notice, it is argued, that we are to declare this judgment void, as contravening the first principles of justice.   It will be seen, that the judgment was rendered on regular process, that service of that process was made by attaching a pair of speckled cattle of the defendant, found within the state, and within the jurisdiction of the court rendering the judgment, according to the directions and provisions of the statute, which has, in a similar form, been in existence ever since we have been a sovereign state.   It is undoubtedly competent for the legislature to regulate all judicial proceedings, to prescribe the mode of service of writs, the manner in which notice shall be given to defendants, and declare the effect of a judgment rendered on such notice ; and these regulations are to be regarded by the courts of the state, if no constitutional right or obligation of the citizen is violated thereby.   The legislature can give jurisdiction either over the person or property of another, when found within their territorial limits.   In many, if not all of the states, provision is made for serving writs on defendants out of their limits, when they have property within the state, over which their courts can take jurisdiction, and prescribing their effects.   What is to be the effect of such judgments, when they are sued in another state ?  may present a distinct question.   One sovereign state is not *obliged* to notice the judicial proceedings of another, were it not for the provisions of the constitution of the United States.   Without going into an examination of the question, as to the effect of a judgment of one state, when sued in another, where no appearance was had, it is sufficient to say on this question, that by our earliest statutes, which have always been in force, provision has been made for serving writs, where defendants were out of the state, and had property within the jurisdiction of our courts,

Essex,
March,
1834.
———
Beech
vs.
Abbott.

that a method has been provided for giving notice (by publication where the suit was in the higher courts,) and also it is provided, that no execution shall issue on the judgment to be rendered, when actual notice is not proved, until a bond of recognizance is given to refund and pay back what may be recovered in a writ of review. And in relation to judgments so rendered before a justice of the peace, their effect was declared by the statute of 1817, before mentioned. In the case under consideration, it appears, that the defendant had property within this state, viz. the speckled cattle ; that the court had jurisdiction over that property ; that it was attached and taken, for the purpose of enforcing a duty, which he was liable to perform, to enforce a satisfaction for an injury which the plaintiff said he had sustained, and for which he sought redress by an action at law. The whole proceedings were had in conformity to the statute. This judgment cannot, therefore, be considered as a void judgment. If the defendant was not the owner of the speckled cattle, and the attachment was merely nominal, with a view to give the court jurisdiction over a person, who was not subject to our laws, and that fact had been very properly presented, undoubtedly the judgment would not have been treated as a valid or operative judgment. The attachment in such a case, might be considered as fraudulent. But no such facts are here presented. On the second question, it is a sufficient answer to say, that it does not appear from the case, that the possession was legally, either in Mr. Cushman or the United States. The cattle were not subject to the payment of duties from any thing which appears. The possession of Mr. Cushman, therefore, as against the plaintiff, was without right. The plaintiff was not divested of the possession, either by his contract or by operation of law, and there was nothing in the seizure made by Mr. Cushman, as inspector of the revenue, (which it seems was not pursued to a condemnation of the property,) inconsistent with the right of the plaintiff to an immediate possession, and with his right to maintain the action for the injury complained of.

On the third question, it is also to be remarked, that it does not appear that the property was abandoned, either to the defendant or Josiah Abbott. The declarations of the plaintiff, as to abandoning to Mr. Cushman, cannot be considered as a consent to the defendant to take or retain the property, if the officers of the United States did not think proper to procure the

same libelled or condemned. The officers of the United States have relinquished any claim on the property as forfeited to the United States, and the question as to property, between the plaintiff or defendant, which had the better right from Josiah Abott, has been settled by the verdict. On all the positions taken in the defence, the county court decided according to our views of the law, and their judgment must be affirmed.