## SMITH v. FELLOWS.

By assenting to a reference of his case, under the act of 1874 (*c.* 97, *s.* 13), a party did not waive the jury trial provided by that act, but did waive all objection to the law, and to the course of proceeding prescribed by it, including the use of the referee's report as evidence in such jury trial.

At the October term, 1874, the case, being one in which the parties were entitled to a jury trial, was, on motion of the defendant, and against the plaintiff's objection, committed by the court to three referees.  At the April term, 1875, by an order of court made upon the agreement of the parties, a sole referee was substituted for the three previously appointed.  The referee's report is for the plaintiff.  The court reserved the question whether the defendant had waived a jury trial, and whether the report is competent evidence against him on such trial.

*Shirley* and *Mugridge*, for the plaintiff.

*Flanders* and *Barnard*, for the defendant.

SMITH, J.    It has been the general understanding of the profession, that a party, by moving for or assenting to a reference of his case under the act of 1874, did not waive his right to the jury trial provided by that act.    And the defendant's motion for a reference is to be interpreted, in view of the general understanding, not as a waiver of such jury trial, but as a waiver of objection to the application of the whole referee law to his case,—a waiver of objection to the course of proceeding prescribed by the act, one part of which is the use of the referee's report as evidence in such jury trial.

The second question was decided in *Deverson* v. *Eastern Railroad*, *ante*, p. 129.

*Case discharged.*

STANLEY, J., did not sit.