DEVERSON v. EASTERN RAILROAD CO.

A party that moves and urges the reference of his cause, under Laws of 1874, c. 97, s. 13, accepts all of the provisions of said section, and waives his right to object to the unconstitutionality of that part thereof that makes the referee's report evidence upon a jury trial, and such acceptance may be proved by parol evidence.

When an irregularity exists in the running of railroad trains, and a collision occurs, and the negligence of the engineer and train-dispatcher is alleged as causing it, the telegraphic correspondence between the two, upon the subject, just prior to the collision, is competent as a part of the *res gestæ*, and if not in writing may be proved by a listener.

If the engineer is injured in the collision and sues the railroad, it is not a

bar to the action that the telegrams sent by him were not reduced to writing, as required by the printed rules of the road, of which he had knowledge, but this is evidence for the jury upon the question of contributory negligence; and, in reply, it is competent for him to prove a usage of the road to do as he did.

CASE, for injuries received by the plaintiff in a collision of the defendants' freight trains W and F, when he was driving the engine of train W as the defendants' engineer. The action was entered at the January term, 1875. At the second term the docket entry is,—" Ref. to W. J. Copeland, Frank P. Cram, Jewett Conner;" and the record of the third term is,—" Report. Plff. m. f. j. Defts. elect trial by jury." Subject to the defendants' exception, the plaintiff was allowed to prove to the court, by parol evidence, that the case was referred on the defendants' motion, vigorously pressed by them, and vigorously resisted by the plaintiff, and then to give the report in evidence to the jury.

One Wing was the defendants' train-dispatcher at Portsmouth, and it was his duty, when an irregularity occurred in the night in the running of trains, to direct the running by telegraph, or otherwise. One White was the defendants' telegraph operator at Kennebunk, Maine. On the night of December 19, 1873, the plaintiff started three hours late, with train W from Portland for Portsmouth; but before arriving at Kennebunk his engine broke from his train, and he drove on to that station and informed White of his mishap, and requested him to hold freight train F, which would soon arrive from Portsmouth, till he could bring up his train, so that the trains might pass there. The plaintiff went for his train, and in returning to Kennebunk came in collision with F about twelve o'clock at night.

Two questions submitted to the jury were, whether any want of reasonable care on the part of the plaintiff contributed to the collision, and whether the collision was caused by the incapacity or negligence of Wing. It appeared that after the plaintiff arrived at Kennebunk, and before the collision, telegraphic correspondence took place between White and Wing in regard to the irregularity, and, subject to the defendants' exception, the plaintiff was allowed to prove what it was by operators on the line between Kennebunk and Portsmouth, it appearing that the dispatches were not written, signed, and repeated as required by the rules of the road, and that the plaintiff knew of the rules.

The plaintiff was also allowed, subject to the defendants' exception, to prove a usage of the road in case of an irregularity of trains, for a telegraph operator of the defendants to hold a train when orally requested to do so by the engineer or conductor of another train. The ground of the objection was, that it was in violation of the rules of the road.

*Frink* and *Marston,* for the plaintiff.

*Hatch* and *Hackett*, for the defendants.

BINGHAM, J.   The referee's report was allowed to go to the jury as evidence.   The effect of the record evidence of the second term was, that the cause was referred, under Laws of 1874, *c.* 97, *s.* 13, without the consent of the parties.   The parol evidence relating to that term proved that the defendants moved and urged the reference of this cause under said statute, without reservation or exception, and that the plaintiff opposed the reference.   The plaintiff offered the report as evidence under the statute, and the defendants objected, and claimed that so much of the statute as made the report of the referees evidence before the jury was unconstitutional.   *King* v. *Hopkins*, 57 N. H. 334.

The plaintiff replied that the defendants had waived their right to make this objection, and the question is, whether they, by their acts in electing and successfully persisting in their election to try this case according to the provisions of the statute without reservation, assented to them, and waived their right to deny their constitutionality.   If they did, the report was competent evidence as against them, and the preliminary inquiry of the court to ascertain the fact was properly made, as the acceptance of the provision of the statute by the defendants may be shown by their acts under the statute, and need not be in writing.   *Houston* v. *Wheeler*, 52 N. Y. 641.   The question of waiver, now raised in this case, was substantially decided in *Parker* v. *Burns*, 57 N. H. 602, which was a case referred by order of court upon the plaintiff's motion ; and the court held that the plaintiff, by moving to refer, accepted the statute with all of its provisions, and waived his right to object to the constitutionality of the law making the report evidence in case of a jury trial.   We have examined the authorities, both in and out of the state, bearing upon this question, and have no reason to doubt the correctness of the conclusion of the court in *Parker* v. *Burns*, as above stated.   We think that it is sustained by both reason and authority.   *Brewster* v. *Edgerly*, 13 N. H. 275, 282 ; *Lisbon* v. *Bath*, 23 N. H. 1, 9 ; *Hills* v. *Smith*, 28 N. H. 369, 377 ; *King* v. *Hutchins*, 26 N. H. 139 ; *Patrick* v. *Cowles*, 45 N. H. 553, 555 ; *Price* v. *Dearborn*, 34 N. H. 481 ; *State* v. *Ober*, 52 N. H. 459 ; *Burnham* v. *Goffstown*, 50 N. H. 560 ; *King* v. *Hopkins*, 57 N. H. 357 ; *Perkins* v. *Scott, id.* 55 ; *Marsh* v. *Brown, id.* 173 ; *Houston* v. *Wheeler*, before cited ; *Vose* v. *Cockcroft*, 44 N. Y. 415 ; *Lee* v. *Tillotson*, 24 Wend. 337 ; *People* v. *Murray*, 5 Hill 468 ; *Van Hook* v. *Whitlock*, 26 Wend. 43 ; *Plummer* v. *Meserve*, 54 N. H. 166 ; *Jarvis* v. *Mitchell*, 99 Mass. 530 ; Bouv. Law Dic., Waiver.

The telegrams between White and Wing, as to the irregularity and the running of the trains on account of the same, were material and competent evidence.   The exercise of due care by the plaintiff, and the negligence of Wing, were both questions of fact for the jury ; and the telegrams must have been the framework of this branch of the case.   They were a part of the *res gestæ*.

The telegrams were not reduced to writing, and could be proved by any one that heard them and knew their contents. They were not unlike a conversation between two persons, which can be proved as well by a listener as a participant. The fact that the plaintiff did not send his telegrams in the manner prescribed by the rules of the corporation was not a legal bar to his right to recover, but was evidence for the jury to consider in determining the question of contributory negligence. As bearing upon the same question, it was proper for the plaintiff to show the usage of the road in such cases. *Hills* v. *Hoitt*, 18 N. H. 603. The telegrams containing truthful information, were received and acted upon by Wing without objection, and the irregularity now insisted upon should be treated as waived. *Ins. Co.* v. *Keyser*, 32 N. H. 313; *Campbell* v. *Ins. Co.*, 37 N. H. 35, 48.

*Judgment on the verdict.*

Doe, C. J., did not sit.