DOWD, *Ap't*, v. CITY SAVINGS-BANK, *Ap'ee.*

A creditor of a bank who voluntarily submits his claim to the determination of a commissioner appointed under Gen. Laws, *c.* 166, *s.* 16, and, at the hearing, makes no objection to the proceeding, waives his right to question the constitutionality of the statute making the decision of the commissioner final.

APPEAL, from the decision of a commissioner, appointed under Gen. Laws, *c.* 166, *s.* 16, to determine claims presented against the defendant bank.   The plaintiff presented a claim against the bank, which was considered by the commissioner and disallowed.   The appeal was dismissed, and the plaintiff excepted.

*Clough & Clark*, for the plaintiff.

*Sulloway & Topliff*, for assignees.

BINGHAM, J. Proceedings having been instituted under Gen. Laws, *c.* 166, to settle the affairs of a bank, the court may, upon application, order a notice to be published requiring all creditors to present and prove their claims against the bank to such persons as the court may direct, and in default to be precluded from all benefit of the assets of the bank. G. L., *c.* 166, *s.* 16. The decision of commissioners appointed under this statute is final. No right to appeal is given. Herein the plaintiff claims the statute conflicts with his constitutional right to a jury trial. The plaintiff voluntarily presented his claim to the commissioner, and at the hearing before the commissioner did not object to the proceeding. Having invoked the arbitrament of a tribunal, the plaintiff cannot now deny its authority. By voluntarily submitting his claim to the decision of the commissioner, he waived his right to question the constitutionality of the statute making that decision final. *Houston* v. *Wheeler*, 52 N. Y. 641; *Parker* v. *Burns*, 57 N. H. 602; *Deverson* v. *Railroad*, 58 N. H. 129; *Smith* v. *Fellows*, *id.* 169; *Daniels* v. *Lebanon*, *id.* 284; *Boyd* v. *Webster*, *id.* 336.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.