DAVIS *v.* RICHARDSON.

The reasonable compensation to referees to be paid by the county under c. 94, Laws of 1881, does not include the fees and expenses of postponements and delays occasioned by the parties.

SUIT, entered at September term, 1881, and referred by consent. Report filed at this term, and judgment ordered thereon for plaintiff for $269. The referee's fees amounted to $100, and were reasonable charges for the time spent and expenses incurred. Continuances were granted by him on two occasions at the request of one or the other of the parties, and without terms. His fees and expenses for attendance on those occasions amounted to $18.60, and constituted part of the $100. The court ordered $81.40 of the fees to be paid by the county. Both parties moved that the balance of $18.60 be also paid by the county, claiming that under c. 94, Laws of 1881, the whole amount must be paid by the county, the referee's charges being reasonable. Motions denied. The plaintiff also moved to be allowed to tax the $18.60 in his bill of costs, which was denied, and the plaintiff excepted.

*Ray, Drew, Jordan & Carpenter*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for the defendant.

CLARK, J.  Chapter 94, Laws of 1881, provides that the reasonable compensation to referees or masters, in suits at law or in equity, or on appeals referred by order of court, shall be paid by the county. . . . .  A rule of court requires that the fees and expenses of the referee in cases of delay or continuance, shall be paid by the party on whose motion the continuance is granted, and if the continuance is by agreement, the fees and expenses of the referee are to be paid equally by the parties.  The power of the court to impose terms for delay and continuance, and to limit and allow costs, is unquestioned.  G. L., *c.* 233.  The reasonable compensation to referees to be paid by the county is to be fixed by the court (G. L., *c.* 231, *s.* 13, *Dodge* v. *Stickney*, 61 N. H. 607), and does not include the fees and expenses of the referee occasioned by postponements and delays by reason of the parties not being ready or able to proceed at the time fixed for the hearing.  Such fees and expenses are reasonable charges to be paid by the party or parties causing the delay, but they are not reasonable charges to be paid by the county.  The denial of the plaintiff's motion to tax the $18.60 in his bill of costs presents no question of law.  *Bartlett* v. *Hodgdon*, 44 N. H. 472; *Smith* v. *Boynton*, 44 N. H. 529.

*Exceptions overruled.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.