DODGE *v.* STICKNEY.

The fees of referees, as allowed by the court, must be paid by the county in cases wherein the parties are entitled to a trial by jury, in cases referred, without the consent of the parties, by order of court in term time, and in cases referred with or without their consent by a justice in vacation. In all other cases the court may order that the whole, a part, or none of the fees be paid by the county.

MOTION for the payment of referee's fees by the county.

CARPENTER, J. The act of July 20, 1876 (Laws of 1876, *c.* 35), entitled "An act to provide for the trial of causes before referees," superseded all previous legislation upon the subject. Section 1 provided that "the supreme court, or any justice thereof, may in term time or vacation commit to one or more referees, to be appointed by said court or justice, any cause pending in said court, or the determination of any question of fact, provided the parties shall consent," and that "such referees shall be paid by the county in which the cause is pending, for their services and expenses in each cause, such compensation as may be allowed by the court." Section 2 provided that "the supreme court may in term time, with or without the consent of the parties or either of them, commit to one or more referees to be appointed by such court any cause at law and equity, or the determination of any question of fact pending in said court wherein the parties are not as matter of right entitled to a trial by jury," and that "the court shall determine the compensation to be paid to such referees for their services and expenses in each cause so referred, and may in their discretion order the same to be paid by the county in which the cause is pending." The first section provided for cases in which the parties have a constitutional or statutory right to a trial by jury, and which can-

not therefore be referred without their consent. The statute was peremptory that in this class of cases the referees' fees, as allowed by the court, should be paid by the county. The second section applied to cases in which the parties have no right to a trial by jury. In these the whole, a part, or none of the referees' fees was to be paid by the county, as it might appear to the court that justice required. The reason for the distinction is obvious. A trial by jury is attended with great expense to the county,—much greater in general than the cost of a trial of the same cause by referees. Payment of the referee's fees by the public, in so far as it tends to encourage parties to waive their right of jury trial and induce them to submit their controversies to the determination of the less expensive tribunal, is a measure of economy. Cases in which the parties have no right to a jury trial may be tried by the court with substantially no expense to the county. The committal of these cases to referees to be paid by the county does not diminish but increases the public charges. But it may be proper or necessary to refer many cases of this class. It may happen that the court, by reason of other public duties, is unable seasonably to try more or less of them. Some may be of such a nature that they can be tried more conveniently and with less expense to the parties in the immediate vicinity of their homes. Hence it may be reasonable that in some instances the whole, and in others a part, of the cost of the tribunal provided should be defrayed by the public, while in some the entire expense should be borne by the parties.

The provision of the first section, that causes may be referred by any justice of the court in vacation, was omitted in the second. A cause in which there is no right of trial by jury could not be referred by a justice in vacation without the consent of the parties. If it was so referred with their consent under the first section, they were entitled, as a matter of right, to have the referee's fees paid by the county. To remedy this mischief, the first section of the act of July 10, 1877 (Laws of 1877, *c* 20), entitled "An act providing for the trial of small causes without the intervention of a jury," was enacted. It provided that "the supreme court, or any justice thereof, in vacation, in all civil causes in which the parties agree to such reference, or in which the value in controversy does not exceed one hundred dollars and title to real estate is not concerned, whether the same shall come into said court by appeal from a justice of the peace, a police court, or otherwise, may refer said causes to one or more referees under the provisions of chapter thirty-five of the laws of 1876." It authorized justices of the court in vacation to refer, without the consent of the parties, causes in which the value in controversy does not exceed one hundred dollars and title to real estate is not concerned, and made no other material alteration in the existing law. It was an amendment of or substitute for the first clause of the second section, and merely reënacted the first clause of the first section of the act of 1876. By the law

as thus amended the fees of referees, in causes where the parties are entitled to a trial by jury, were required to be paid in full by the county; and in all other causes, whether they were referred by the court in term time or by a justice in vacation, they were to be paid by the county or not, as the court should direct. So the law stood at the time of the revision of the statutes in 1878.

In that revision the commissioners treated the act of 1877 as a substitute for the first clause of section 1, instead of section 2 of the act of 1876. They inserted in their report the former act, and the first clause of the second section of the latter, without material alteration, and placed the provisions respecting the fees of referees in a separate section. Com. Rep., *c.* 225, *ss.* 9, 10, 13. The law, as thus revised, was enacted and appears in Gen. Laws, *c.* 231, *ss.* 9, 10, 13, as follows:

"Sec. 9. The court, or any justice thereof in vacation, in all civil causes in which the parties agree to such reference, or in which the value in controversy does not exceed one hundred dollars and title to real estate is not concerned, whether the same shall come into said court by appeal from a justice of the peace, a police court, or otherwise, may refer said causes to one or more referees to be appointed by said court or justice.

"Sec. 10. The court may in term time, with or without the consent of the parties or either of them, commit to one or more referees any cause at law or in equity, or the determination of any question of fact pending in said court wherein the parties are not as matter of right entitled to a trial by jury."

"Sec. 13. The court shall allow a reasonable compensation to referees for their services and expenses, which, in the case of referees appointed under the provisions of section 9, shall be paid by the county. In the case of referees appointed under the provisions of section 10, the court may order that their compensation, or any part thereof, be paid by the county, or that it be paid by either party and taxed as part of his taxable costs."

The acts of 1876 and 1877 were repealed by Gen. Laws, *c.* 291. What effect, if any, this action of the legislature had upon the authority of a justice in vacation to refer a class of causes not mentioned in section 9, and in which the parties are not entitled to trial by jury, is not here material. So far as relates to the fees of referees, it restored the law to the condition in which it stood prior to the act of 1877. A cause in which the value in controversy does not exceed one hundred dollars and title to real estate is not concerned, can be referred by a justice in vacation without the consent of the parties, under the provisions of section 9 only; and section 13 is explicit that the fees of referees appointed under that section shall be paid by the county.

The act of July 9, 1881 (Laws of 1881, *c.* 55), entitled "An act to relieve parties and counties from payment of referees' fees, and to provide for speedy trials in the supreme court," provides, by

section 1, that " causes triable by referees shall, as far as practicable, upon the agreement of parties thereto, be tried by one or more of the justices of the supreme court," who, by section 2, are forbidden to be officers of railroad corporations, auditors, or referees, or to receive compensation for services performed or expenses incurred in any judicial capacity, except their salaries established by law, and whose salaries are materially increased by section 3. The " causes triable by referees " intended by the legislature are causes in which the parties are not entitled to trial by jury, causes which the court in term time, under section 10, and a justice in vacation, under section 9, are authorized to refer without the consent of the parties. In causes where there is a right to trial by jury the parties needed no relief from the payment of referees' fees, because they were already required to be paid by the county. The counties needed none, because trials by referees are less expensive than by jury. The act was intended to discourage and diminish references of the former class of causes. If they are referred, the parties may be required to pay the full amount of the referee's fees, and this consideration affords an inducement to the parties to agree to a trial by a justice of the court. Whether, without the agreement of the parties, the court can hear and determine the cause, is a question which need not be considered. The law is explicit, that, the parties consenting, the justices shall try the cases so far as practicable. The court cannot order a cause to be referred which the parties are willing to try before a justice of the court, unless it is impracticable for a justice to try it. The law had now provided a tribunal, without expense to the parties, before which might be tried all causes except such as the justices of the court might be practically unable to try. G. L., c. 208, s. 4.

The act of August 19, 1881 (Laws of 1881, c. 94), entitled "An act in furtherance of article fourteen in the bill of rights of the state of New Hampshire," provides that " the reasonable compensation to referees or masters in suits at law or in equity or on appeals, referred by order of court, shall be paid by the county as in cases arising under section 9, chapter 231 of the General Laws, any law or usage to the contrary notwithstanding." Although the title is no part of the act, it may be considered for the purpose of ascertaining the intent of the legislature. Without expressing any opinion upon the subject, but assuming that under article 14 of the bill of rights parties are entitled to a tribunal for the determination of their controversies at the public expense, and that they cannot be compelled to pay any portion of the fees of referees, the provisions of the article are not violated by the erection of a tribunal to which parties may, if they choose, resort for an adjustment of their differences at their own expense. The right to a free tribunal, if it exists, like the right of trial by jury, may be waived. As the latter is waived by consent to a reference under section 9, so the former is waived by a voluntary submission to a reference

under section 10. *Deverson* v. *Railroad*, 58 N. H. 129; *Carroll* v. *Locke*, 58 N. H. 163; *Smith* v. *Fellows*, 58 N. H. 169; *Dowd* v. *Bank*, 59 N. H. 391. The legislature might provide that the fees of referees in causes referred by consent should be paid by the county, but a statute to that effect could not with propriety be termed an act in furtherance of a constitutional provision that parties should not be compelled to pay them. So far as the title of the act has any bearing upon the question, it tends to show that the intention of the legislature was to provide for the payment of referees' fees by the county in causes referred without the consent of the parties. The payment by the county of referees' fees in causes which could be referred only by consent, was already provided for. Without the consent of the parties such causes only could be referred as it was impracticable for the justices of the court to try. The mischief consisted in the non-payment of the referees' fees in this class of cases,—in compelling parties who were willing to try their cases before a justice to try them by referees, and to pay the whole or a part of the fees; and this mischief the act was intended to remedy. In effect, it puts it in the power of the parties to escape the payment of referees' fees in all cases by declining to consent to a reference. A tribunal is provided at the public expense for the trial and determination of all causes without exception. Technically speaking, cases are "referred by order of court," as well where the parties agree to a reference as where they do not; but the expression, "suits . . . referred by order of court," as used in the act, and interpreted in view of the mischief to be cured, must be held to signify those cases only which are referred without the consent of the parties. Such is the natural and ordinary meaning of the words. No one not a lawyer would understand that a case referred by agreement of the parties was referred by order of the court.

The result is, that the reasonable compensation of referees as allowed by the court must be paid in full by the county (1) in all cases wherein the parties are entitled to a trial by jury; (2) in cases referred with or without the parties' consent by a justice of the court in vacation; and (3) in cases referred without consent by the court in term time. In all other cases the court may order the fees, or any part of them, to be paid by the county or by the parties.

All concurred.