## HORNE v. ROCHESTER.

62   347
66   177
66   325
66   597
62   347
68    78
68   169
68   176
62   347
71   487

The laying out of a highway by selectmen, upon petition and a hearing before them, is a judgment which cannot be attacked collaterally on account of a failure to order notice by posting a copy of the petition and order of notice, and serving a like copy on the town-clerk, as required by General Laws, c. 43, s. 3.

Notice to a town of an injury received on a highway, stating that it happened at a certain railroad crossing, which is found to be eighty feet wide, may state the "exact place" of the accident within the meaning of the statute (G. L., c. 75, s. 7); but whether it does or does not is a question of fact to be determined at the trial term.

CASE, for injuries received from a defective highway. Verdict for the plaintiff. The highway was laid out by the selectmen on petition in 1869, and has since been maintained by the town and used as a public highway. In the record of the laying out, the order of notice given by the selectmen did not require a copy of the petition and order to be posted at the usual place of town-meeting, and a like copy to be left with the town-clerk, as required by General Statutes, c. 233, s. 3, and the return on the petition did not show that there was such service or posting. The defendants objected to the sufficiency of the record, and claimed that the evidence did not show a legal highway. The court overruled the objection, and the defendants excepted.

In the plaintiff's notice to the town, he stated, in substance, that the accident happened on Portland street, in Rochester, while he was travelling "across the track of the Portsmouth, Great Falls, & Conway Railroad in said Rochester village, at the place where said railroad crosses said highway." Four tracks of the railroad cross the highway at this crossing, which is some eighty feet wide. The car that frightened the plaintiff's horse, and was the obstruction complained of, was standing on a side track next to the most easterly track. The defendants claimed that the notice did not state the exact place where the injury was received, for the reason above stated, and also for the reason that, though the horse was frightened by the car standing on the track, the plaintiff received his injuries outside the limits of the highway, in a yard into which the horse ran. The court held the notice sufficient, and the defendants excepted.

*Worcester & Gafney, J. S. H. Frink,* and *C. W. Sanborn,* for the defendants.

*C. K. Sanborn* and *S. M. Wheeler,* for the plaintiff.

STANLEY, J.    The duties of selectmen in laying out highways are principally judicial.    The fact alone that they might deem the construction of a public way between two points necessary and convenient for the public travel would not authorize them to lay it out as a highway.    Nor could the town authorize them, as its agents, to assume duties of that character.    *Haywood* v. *Charlestown*, 34 N. H. 23, 26; *State* v. *Rye*, 35 N. H. 368; *State* v. *Newmarket*, 20 N. H. 519.    Whatever power they have in this respect they derive from the legislature, which has constituted them the tribunal to determine, in the first instance, the questions of the public need of proposed highways and the expediency of the proposed locations (Gen. St., c. 61, s. 1, G. L., c. 67, s. 1); and the determination of those questions, upon petition, notice, and evidence, is as much a judicial determination as would be the judgment of a technically constituted court.    " The statute makes the selectmen of towns a judicial tribunal for laying out highways within their respective limits."    *Haywood* v. *Charlestown*, 34 N. H. 23; *Hall* v. *Manchester*, 39 N. H. 295, 301, 302.    Their judgments, like the judgments of other courts having jurisdiction of the subject-matter involved therein, cannot be collaterally attacked. *Morse* v. *Presby*, 25 N. H. 299, 303; *State* v. *Canterbury*, 28 N. H. 195, 224; *State* v. *Shattuck*, 45 N. H. 205, 211; *Taber* v. *New Bedford*, 135 Mass. 162; *Brimmer* v. *Boston*, 102 Mass. 19; *Nichols* v. *Salem*, 14 Gray 490; *Roderigas* v. *Savings Institution*, 63 N. Y. 460.    If, in this case, the selectmen had jurisdiction of the matters they attempted to adjudicate, their judgment laying out the highway cannot be impeached or set aside in this collateral proceeding.    Their methods of procedure, if irregular or unauthorized, may be revised, corrected, or quashed, on appropriate process brought for that purpose.    G. L., c. 208, s. 1, c. 69, ss. 10, 11; Laws 1879, c. 57, s. 14; Gen. St., c. 189, s. 1, c. 63, ss. 10, 11; *Landaff's Petition*, 34 N. H. 163; *Lowell* v. *Hadley*, 8 Met. 180, 192.

The proper inquiry, therefore, is, whether the selectmen had jurisdiction to lay out and locate the way where the plaintiff received his injury.    No notice of the petition and time and place of hearing was posted at the usual place of town-meeting, nor was a like notice or copy left with the town-clerk, as required by Gen. St., c. 233, s. 3.    In *State* v. *Richmond*, 26 N. H. 232, it was objected that, though the selectmen had general jurisdiction to lay out highways, they did not acquire jurisdiction over the parties by neglecting to give them notice.    But *Bell*, J., said (*p.* 244),— " These exceptions, we think, do not render the laying out absolutely void, though they render them liable to be avoided.    *Farwell's Petition*, 2 N. H. 123.    Until they are so avoided they remain valid as to some persons, and for some purposes, and are capable of confirmation.    They are not impeachable by everybody, nor open to be assailed by those who have no interest in the matter,

nor by those as to whom the proceedings have been regular, nor by those who have waived their exceptions, and thus confirmed the laying out, either directly or incidentally." If the failure to give notice to the parties whose land it was proposed to take for a highway (a notice required not only by statute but by a fundamental principle of the common law—*Cahoon* v. *Coe*, 57 N. H. 556, 570) did not make the laying out of the highway in that case absolutely void, that result could not follow the omission of the selectmen in this case to order constructive notice of the petition and time of hearing to be given to the town or tax-payers generally.

One condition ordinarily requisite to the legal exercise of judicial powers is the filing or issuing of a petition, writ, or other appropriate process, embodying a cause of action or complaint, whose adjudication is within the recognized authority of the tribunal. *Eames* v. *Northumberland*, 44 N. H. 67, 68, and authorities there cited. The petition for the laying out of this highway was properly brought before the selectmen of Rochester, who were thereupon empowered to act. Gen. St., *c.* 61, *s.* 1. Unless they were thus qualified to act they could order no legal notice of the hearing, and their failure to order such notice, or omission to serve it when ordered, could not destroy their jurisdiction, previously obtained, of the subject-matter involved in the petition. " The distinction is between a lack of power in the court, and a wrongful or defective execution of the power." *Paine* v. *Mooreland*, 15 Ohio 435. In that case it was held that the court acquires jurisdiction in attachment by the issuing of process, predicated upon the requisite affidavit, and the attaching of the property; and that, if, after thus obtaining jurisdiction, the court proceed to render judgment, without the publication of notice, such judgment is not void, and cannot be impeached collaterally. See, also, *Beech* v. *Abbott*, 6 Vt. 586; *In matter of Clark*, 3 Denio 167; *Williams* v. *Stewart*, 3 Wis. 673, 677. In *Hendrick* v. *Whittemore*, 105 Mass. 23, 27, it was held to be a general principle that a domestic judgment is binding on the parties, when a writ of error will lie, " notwithstanding a failure to obtain, by proper process, jurisdiction of the person of the party against whom it is rendered." *Cook* v. *Darling*, 18 Pick. 393; *Finneran* v. *Leonard*, 7 Allen 54.

In *Kimball* v. *Fisk*, 39 N. H. 110, the plaintiff had been decreed by the probate court to be an insane person on petition of the overseers of the poor, and the defendant was appointed his guardian. But the statutory notice was not served on the plaintiff the required number of days before the hearing. This was an action of trover for the conversion of the plaintiff's property. It was held that the regularity of the proceedings in the probate court could not be inquired into in that suit. It is said (*p.* 117),—" Here the judge acted upon the application of the overseers of the poor of a town in which the supposed insane person lived, within his county, alleging his insanity, and praying that a guardian should be ap-

pointed. These are all the facts required (by the statute) to give the court jurisdiction in cases of this kind, so far as the subject-matter is concerned. To render the proceedings regular, it is further required that there shall be an inquisition and notice to the party, but the court must have jurisdiction of the subject-matter before either of these can be ordered. Want of jurisdiction of the person of a party, by the service of process or notice, renders the proceedings voidable, not void." *Ballinger* v. *Tarbell*, 16 Iowa 491 ; *Coit* v. *Haven*, 30 Conn. 190, 198.

In *Tilton* v. *Pittsfield*, 58 N. H. 327, *Northumberland* v. *Railroad*, 35 N. H. 574, *Smith* v. *Northumberland*, 36 N. H. 38, and *Wooley* v. *Rochester*, 60 N. H. 467, it does not appear that selectmen had attempted to exercise their judicial power of laying out highways. A town is not bound to repair a road not laid out in the mode prescribed by statute, and not used twenty years. G. L., c. 74, s. 8. The implication is, that in a civil or criminal suit for the enforcement of the town's liability, a laying out by selectmen or other competent tribunal is conclusive evidence of the duty of repair. The requirement of either a twenty years use or a laying out in the prescribed mode did not repeal the common-law rule that judgments cannot be impeached collaterally. The judgment of the selectmen laying out the highway in question, having been rendered on a petition legally before them, cannot be attacked in this suit for irregularity in the matter of notice to the town. If *Davis* v. *Hazen*, 61 N. H. 383, is inconsistent with this view, it must be overruled.

It cannot be said, as a matter of law, that the notice to the town (required by G. L., c. 75, s. 7) did not state the " exact place " where the accident occurred. This was a question of fact to be determined by the court at the trial term, who found the notice was sufficient. Nor can it be successfully claimed, under the circumstances of the case, that there was no sufficient evidence to support that finding. If the selectmen can with reasonable certainty and convenience determine from the notice the place where the damage was received, they are sufficiently informed, and the object of the statute is fulfilled. *Larkin* v. *Boston*, 128 Mass. 521, 523.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.