HARRIS & a., *Ap'ts*, v. PARKER, *Adm'r*.

Objection to insolvency proceedings and the appointment of a commissioner upon an estate in hands of a special administrator, is waived by creditors who, knowing the facts, prove their claims before the commissioner without making objection.

PROBATE APPEALS, by creditors—one from the decree accepting the report of a commissioner of insolvency appointed upon the petition of a special administrator, and one upon the refusal of the judge of probate to vacate the insolvency proceedings. The appellants presented their claims before the commissioner, appeared with counsel, and offered testimony.

*W. W. Bailey*, for the appellants.

*David Cross* and *George B. French*, for the appellee.

BINGHAM, J. The appellants raise the question in each appeal as to the validity of the proceedings in insolvency, pending the special administration. They claim they were unauthorized and void. The appellee denies that they were void, or even voidable, and insists that if they were voidable the appellants have waived the right to avoid them.

Hannah Harris died in February, 1887, leaving a will. The executor named in it died before the testatrix, and H. B. Harris was appointed administrator with the will annexed, May 14, 1887, who on the same day filed his bond and proved the will in solemn form, and on the eighteenth of the same month returned an inventory of the estate. The appellants, at the time the will was allowed, gave verbal notice of an appeal, and May 26 filed their appeals in writing, with suitable bonds. The appointment of H. B. Harris was then suspended, and, upon the agreement

of the parties, William T. Parker was appointed special administrator, June 28, 1887, under Gen. Laws, *c.* 195, *ss.* 18–20. His commission directed him to take care of the estate during the pendency of the appeals, and contained no other direction. The special administrator, April 21, 1888, without the knowledge or assent of the appellants, petitioned the probate court that the estate be administered as insolvent and for the appointment of a commissioner, which was granted. The commissioner gave the notices and held the usual sessions for receiving claims, and the appellants presented their claims, appeared with counsel, offered evidence, and were heard.

The decree approving the will was affirmed November 21, 1888, and December 1, 1888, H. B. Harris, administrator, gave a receipt to the special administrator for the personal property, which was approved the same day by the judge of probate, and the administrator then assumed the duties of his appointment, and attended the last part of the hearing before the commissioner on the claims of the appellants. The commissioner made his report, and it was accepted January 22, 1889. The objection is, that the sums allowed are too small.

The appellants, knowing the facts, submitted their claims to the commissioner without objection, asking him to adjudicate them; and he did so, and from his decision they have not appealed. These proceedings were not absolutely void. The judge had the power to decree the settlement of estates in the insolvent course. It is not the want of power in the court that is complained of, but an erroneous exercise of it. This irregularity the appellants could waive, and having voluntarily presented their claims to the commissioner to adjudicate, and having obtained a hearing and an adjudication of the same without objecting to his authority to act, they cannot be heard to object now. They could not take the chances of a hearing, and, if the result was not satisfactory, attack the validity of the report on a petition to vacate the insolvency proceedings, or on an appeal from a decree of the probate court accepting the commissioner's report. *Dowd* v. *Bank*, 59 N. H. 391; *Hilton* v. *Wiggin*, 46 N. H. 120, 122; *Warren* v. *Glynn*, 37 N. H. 340; *Kimball* v. *Fisk*, 39 N. H. 110, 119; *Horne* v. *Rochester*, 62 N. H. 347, 348; *Ela* v. *McConihe*, 35 N. H. 279; *Parker* v. *Burns*, 57 N. H. 602; *Deverson* v. *Railroad*, 58 N. H. 129, 131.

*Case discharged.*